CIACCIO, Judge.
This lawsuit arose from a two car collision which occurred at the intersection of South Claiborne Avenue and Cadiz Street in New Orleans. Mrs. Brown drove one car and had two adult passengers. Mrs. Davis drove the other car and had two young children as passengers. From a judgment in favor of Mrs. Davis, Mrs. Brown and her passengers have appealed. We affirm.
The collision occurred at approximately 10:20 A.M. on a Saturday morning. There was apparently nothing unusual about the weather or road conditions. In his reasons for judgment the trial judge made the following factual findings:
Davis was operating her vehicle on South Claiborne in New Orleans in a downtown direction, (toward the Central Business District). Brown was operating her vehicle in the opposite direction going uptown on South Claiborne. At Cadiz Street, Brown turned left into the neutral ground area. There she stopped for traffic passing in front of her on the opposite side of South Claiborne. She then pulled out of the safety area of the neutral ground and projected her vehicle into the path of the Davis automobile .... The impact occurred in the center of the intersection in the middle — left lane of traffic on South Claiborne Avenue.
Mr. Davis, individually and on behalf of his minor child, a passenger at the time of the accident, and Mrs. Davis sued Mrs. Brown and her insurer, State Farm Mutual Automobile Insurance Co. Mrs. Brown reconvened against Mr. and Mrs. Davis only. State Farm settled with the Davises, but Brown’s reconventional demand was. tried on the merits.
In another case Brown’s two guest passengers, Mrs. Humphrey and Mrs. Hall, filed suit against Mr. and Mrs. Davis only. This case was consolidated for trial with Brown’s reconventional demand.
State Farm also insured the Davises, but State Farm was not sued by Brown, Humphrey or Hall, nor was it’s insured, Brown, sued by Humphrey or Hall. After settlement of the Davises’ claim State Farm was dismissed from the suit.
*243 The trial court rendered judgment in favor of the Davises and dismissed the demands of Brown, Humphrey and Hall. In his reasons for judgment he wrote: “Brown’s negligence consisted of: not maintaining a proper lookout; leaving an area of safety and projecting herself into the path of favored traffic; failure to yield the right of way.”
Brown, Humphrey and Hall appeal specifying three trial court errors, viz: (1) error in finding Dorothy Brown negligent; (2) error in not applying the last clear chance doctrine; and, (3) error in not disqualifying the firm of Sessions, Fishman, Roseman, Boisfontaine and Nathan from representing the Davises.
Appellants argue that Mrs. Davis was negligent and that Mrs. Brown was not negligent.' Alternatively they argue that Mrs. Davis was driving too fast, did not keep a proper lookout, had the last clear chance to avoid the collision, and that Mrs. Brown is entitled to the benefit of preemption of the intersection.
The trial judge obviously concluded that Mrs. Davis exercised the necessary degree of care under all the circumstances and was not guilty of any negligence. There was no evidence that she was driving too fast or that she did not keep a proper lookout. The trial judge found that Mrs. Brown’s negligence caused the accident and he apparently concluded that Mrs. Davis could not have avoided the collision. We are convinced that his conclusion that Mrs. Brown was negligent and that Mrs. Davis was not negligent is fully supported by the record. We see no abuse of the wide discretion afforded by the jurisprudence to the findings of fact of the trial judge and we conclude there is no reason to set aside his findings. Canter v. Koehring Company, 283 So.2d 716 (La. 1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Appellants additionally argue that the verdict against them should be overturned because the law firm of Sessions, Fishman, et al. should have been disqualified from representing the Davises due to a conflict of interest. Brown and Davis were both insured by State Farm. An attorney not connected with Sessions, Fishman et al. represented the Davises initially when they filed suit against Brown and State Farm. Through its claims representatives State Farm negotiated a settlement of the Davis-es’ claims against Brown. State Farm was then dismissed from the suit and retained the firm of Sessions, Fishman et al. to defend its insured, the Davises, against the demands of Brown, Humphrey and Hall. Sessions, Fishman et al. never represented Brown, Humphrey or Hall. The trial court found no conflict of interest and we agree. We find no error in the trial court’s denial of the motion for disqualification.
Finding no error in the action of the trial court, the judgment below is affirmed. All costs of this appeal are to be paid by appellants.
AFFIRMED.